IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SPORTSSTUFF, INC., | ) | |
| | ) | CASE NO. BK07-82643-TJM |
| Debtor(s). | ) | A09-8081-TJM |
| THE OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF | ) | |
| SPORTSSTUFF, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CH. 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHIU SHAN CHEN and RUFINA CHEN, | ) | |
| husband and wife, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the defendants' motions to dismiss adversary in lieu of answer (Fils. #4 and #5) and resistance by the plaintiff (Fil. #9). Douglas E. Quinn and Robert J. Bothe represents the plaintiff, and Robert F. Craig represents the defendants.

The motions are denied.

The plaintiff filed this lawsuit to avoid and recover preferential and fraudulent transfers to the defendants, who allegedly are insiders of the debtor. The defendants move to dismiss under 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 7012(b), and Federal Rule of Civil Procedure 12(b) because the plaintiff has failed to (1) state with particularity the circumstances constituting the alleged fraud, (2) set forth facts evidencing a right to relief, and (3) state any claim at all against Rufina Chen.

Federal procedural rules require a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008(a). The court accepts "as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it

asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n. 3. The complaint must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005). Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim. Id.

Schaaf, 517 F.3d at 549.

Generally speaking, the defendants' motions have merit. The complaint is devoid of facts to support the plaintiff's allegations. However, the court is familiar with the background of this case and is aware of the profound difficulties experienced by the plaintiff in endeavoring to obtain any discovery from the debtor or these defendants regarding the transactions at issue here. Therefore, even if the court were inclined to agree with the defendants' position and afford the plaintiff an opportunity to amend its complaint, such an order would likely be an exercise in futility given the obstructionism heretofore demonstrated in the committee's attempts to obtain financial information from and with regard to the debtor. The case shall proceed on this complaint.

IT IS ORDERED: The defendants' motions to dismiss adversary in lieu of answer (Fils. #4 and #5) are denied.

DATED:    May 18, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Robert F. Craig      Douglas E. Quinn
    Robert J. Bothe       U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.